UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 05-cr-10183-MLW |
| | ) | Cv. No. 22-cv-12004-MLW |
| DENNIS QUIRK and | ) | Cv. No. 22-cv-12005-MLW |
| ARTHUR BURGESS | ) | |
| Petitioners. | | |

MEMORANDUM AND ORDER

WOLF, D.J.                                              January 31, 2023

Dennis Quirk and Arthur Burgess have filed petitions to vacate their sentences under 28 U.S.C. §2255 (Dkt. Nos. 469, 471) (the "Motions"). The government agrees that the Motions are meritorious and should be granted. Gov't Resp., Dkt. No. 475. The only remaining dispute is whether the petitioners should be resentenced to the same time they were originally sentenced to, minus the mandatory seven-year consecutive sentence imposed pursuant to 18 U.S.C. §924(c), or whether the court should, as the government asks, resentence the petitioners de novo.

For the reasons explained below, the court is granting Quirk's and Burgess's Motions, vacating their sentences, and will resentence the petitioners de novo.

I.  BACKGROUND

   A.  Facts

On June 16, 2005, Quirk and Burgess, and two co-defendants, unsuccessfully attempted to rob an armored car as it made a

delivery to a Citizens Bank branch located on Hanover Street in Boston's North End. Presentence Report of Arthur Burgess at ¶¶7-8 ("Burgess PSR"). Quirk carried a Cobray firearm, which had been modified to fire fully automatically. Id. at ¶¶9, 20. Burgess carried an AK-47, which he brandished at a guard during the attempted robbery. Id. at ¶¶9, 12.

On April 2, 2007, Burgess and Quirk pled guilty to: being felons in possession of firearms; conspiracy to commit Hobbs Act Robbery; and, most relevant to the Motions, attempted Hobbs Act Robbery in violation of 18 U.S.C. §1951, See Dkt. No. 237; Burgess J., Dkt. No. 261; Quirk J., Dkt. 339. In addition, both petitioners pled guilty to Count Three of the Second Superseding Indictment, which charged each with "Use, Carrying and Possession of Firearms During and in Relation to, and in Furtherance of, a Crime of Violence" in violation of 18 U.S.C. §924(c). Second Superseding Indictment at 5, Dkt. No. 157. Count Three was predicated only on attempted Hobbs Act Robbery being a crime of violence and carried a mandatory consecutive seven-year sentence. See id.

Burgess was sentenced on June 20, 2007. Burgess J., Dkt. No. 261. The court found that Burgess was subject to the Armed Career Criminal Act, 18 U.S.C. §924(e), and, therefore, subject to a fifteen-year mandatory minimum term of imprisonment. Burgess PSR at ¶43-45; Gov't Resp. at 3, Dkt. No. 475. In addition, because the attempted Hobbs Act Robbery was considered a crime of violence

2

under 18 U.S.C. §924(c), Burgess was subject to a seven-year mandatory minimum term of imprisonment, to be served consecutively. See Burgess PSR at ¶138; Second Superseding Indictment at 5, Dkt. No. 157. Therefore, the total minimum sentence that the court could have imposed, by statute, was 264 months. Id. The court sentenced Burgess to 264 months. Burgess J., Dkt. No. 261.

Quirk was sentenced on March 17, 2008. Quirk J., Dkt. 339. The court determined that Quirk was a career offender under the Guidelines, with an advisory Guideline range of 178 to 243 months, followed by a mandatory seven-year consecutive sentence under 18 U.S.C. §924(c). Dennis Quirk Presentence Report at ¶119 ("Quirk PSR"). The court sentenced Quirk to 300 months. Quirk J., Dkt. 339.

B.   United States v. Taylor

In June 2022, the Supreme Court decided United States v. Taylor, 142 S. Ct. 2015 (2022). In Taylor, the Court held for the first time that attempted Hobbs Act robbery is not a "crime of violence" as that term is defined in 18 U.S.C. §924(c)(3)(A), because a categorial approach applies and that crime does not have "as an element the use, attempted use, or threatened use of physical force." Taylor, 142 S. Ct. at 2020 (emphasis in original). More specifically, to prove attempted Hobbs Act robbery the government must only show: (1) that the defendants intended to

3

unlawfully take or obtain personal property by means of actual or threatened force; and (2) that the defendants took a substantial step toward that end. Id. The government need not prove that the defendants actually harmed or threatened harm.

II. THE MOTIONS

Burgess and Taylor filed motions for leave to file a writ of Habeas Corpus under 28 U.S.C. §2255 in July and August 2022, respectively. See Dkt. Nos. 458, 459. This court granted leave to file the Motions on November 22, 2022. Dkt. Nos. 468, 470.

Petitioners allege two primary grounds for relief. First, petitioners allege ineffective assistance of counsel for failure to raise a claim that conspiracy to commit Hobbs Act Robbery is not a violent crime for the purposes of 18 U.S.C. §924(c) under United States v. Davis, 139 S. Ct. 2319 (2019). Dkt. No. 469 at 5; Dkt. No. 471 at 4. Ground One is not meritorious because the Second Superseding Indictment did not charge, and the petitioners were not sentenced for, a violation of §924(c) based on conspiracy to commit Hobbs Act Robbery. See Indictment, Dkt. No. 157 at 5.

Second, both petitioners allege ineffective assistance of counsel for failure to raise a claim that attempted Hobbs Act Robbery is not a crime of violence under §924(c), citing Taylor, 142 S. Ct. 2015. Dkt. No. 469 at 5; Dkt. No. 471 at 5. As explained below, this ground is meritorious.

4

Finally, both petitioners correctly assert that their petitions are timely, because they were filed within one year after Taylor recognized the new right on which the Motions rely, and that right was made retroactively applicable to cases on collateral review, which satisfies §2255(f)'s one-year statute of limitations for filing a petition. Dkt. No. 469 at 5; Dkt. No. 471 at 6-7.

### A. The Motions are Meritorious Because Petitioners are Actually Innocent of the §924(c) Charge

As the government agrees in its Response, Dkt. No. 475 at 4-5, petitioners' Motions are not procedurally defaulted despite the failure to raise the issues on direct appeal because petitioners have shown actual innocence. See Bousley v. United States, 523 U.S. 614, 622 (1998). As indicated earlier, Count Three of the Second Superseding Indictment charged petitioners with use of firearms during a "crime of violence" under 18 U.S.C. §924(c) predicated solely on attempted Hobbs Act Robbery "as charged in Count Two of [the] Indictment." Dkt. No. 157 at 5. Under Taylor, the fact that the petitioners actually brandished firearms in the attempt is irrelevant. Taylor, 142 S. Ct. at 2020. Under the categorical approach, attempted Hobbs Act robbery could theoretically have been charged even if the defendants "had been stopped and arrested 100 feet shy of the armored car, having neither used, attempted to use, nor threatened to use physical force." Gov't Resp. at 5, Dkt. No. 475. Therefore, attempted Hobbs

5

Act Robbery does satisfy the §924(c) definition of "crime of violence" regardless of the underlying facts, Taylor, 142 S. Ct. 2020. Accordingly, under the categorical approach, petitioners were not, as required by §924(c), convicted of a crime of violence and are actually innocent of the charge in Count Three.

> B.  The Motions are Timely Because They were Filed Within One Year of the Supreme Court Recognizing a New Substantive and Retroactive Right

As the government evidently recognizes, the petitioners have satisfied §2255's one-year statute of limitations because the petitions were filed within one year of the Supreme Court's decision in Taylor, 142 S. Ct. 2020, which recognized for the first time a substantive right made retroactively applicable to cases on collateral review. See 28 U.S.C. §2255(f)(3).

The test to determine whether a new Supreme Court decision applies retroactively on collateral review is stated by Teague v. Lane, 489 U.S. 288, 301-02 (1989). Under Teague, the court must first determine whether the decision of the Supreme Court announced a new rule. Id. at 301. In general, "a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." Id. (emphasis in original). This court, among others, finds that Taylor announced a new rule. See, e.g., Pedro v. United States, No. 03-cr-0346, 2022 WL 17418529, at *1 (S.D.N.Y. Nov. 30, 2022) (collecting cases).

6

Second, the court must determine whether this rule was made retroactive on collateral review. There are two exceptions to the general rule against retroactivity: (1) new substantive rules and (2) "watershed rules of criminal procedure." Schriro v. Summerlin, 542 U.S. 348, 351-52 (2004). A substantive rule is one which forbids "criminal punishment of certain primary conduct." Montgomery v. Louisiana, 577 U.S. 190, 198 (2016).[1]

In this case, Taylor applies retroactively. Because the decision in Taylor forbids punishment under 18 U.S.C. §924(c) for those who engage only in attempted Hobbs Act robbery, Taylor is a new substantive rule that prohibits criminal punishment of certain primary conduct. See, e.g., Pedro v. United States, No. 03-cr-0346, 2022 WL 17418529, at *1 (S.D.N.Y. Nov. 30, 2022) (holding that Taylor applies retroactively and collecting cases); United States v. Craig, No. 1:14-CR-0032, 2022 WL 1413717, at *2 n.4 (N.D. Fla. Sept. 26, 2022) ("Taylor would be retroactively applicable to a challenge to [a] ... § 924(c) sentence, because in that context the case would be a new substantive rule under Teague."), report and recommendation adopted, 2022 WL 14151821 (N.D. Fla. Oct. 24, 2022); Hartsfield v. United States, --- F. Supp. 3d ----, 2022 WL

---

[1] The Supreme Court has never found that a new procedural rule satisfies the watershed exception. Edwards v. Vannoy, 141 S. Ct. 1547, 1555 (2021).

7

4295979 (S.D. Fla. Sept. 19, 2022) (reversing a §924(c) conviction on §2255 review based on Taylor).

This court's conclusion is consistent with the First Circuit's decision that the Supreme Court's decision in a related case, United States v. Davis, 139 S. Ct. 2319 (2019), which held that the residual clause of §934(c) was unconstitutionally vague, was a new rule that applied retroactively. See King v. United States, 965 F.3d 60 (1st Cir. 2020).

I.  RESENTENCING

Petitioners request resentencing to the amount of time they had received at their original sentencing, minus the mandatory seven-year consecutive sentence imposed on Count Three. Dkt. No. 469 at 7; Dkt. No. 471 at 12. In view of the time each petitioner has already served, if this were if this were required each would be resentenced to time-served and released from custody. Dkt. No. 469 at 7; Dkt. No. 471 at 12.

The government, however, argues that "[u]nder the sentencing package doctrine, the Court can conduct 'a full resentencing to restructure the original sentencing package, [an enterprise that] does nothing more than put [the defendants] in the same position [they] would have occupied had [they] not been convicted under [§] 924(c) in the first place.'" Gov't Resp. at 5-6, Dkt. No. 475 (quoting United States v. Brown, 26 F.4th 48, 58 (1st Cir. 2022)).

The government's contention is correct. When a sentence for convictions on multiple counts is successfully attacked by a defendant on some, but not all, of its counts, courts may invoke the "sentencing package doctrine." Brown, 26 F.4th at 59. Under the sentencing package doctrine, courts recognize that sentences on multiple counts of conviction are used to craft a "package" of sanctions to effectuate the court's intent at sentencing. Id. If some, but not all, of the counts are vacated, the court's intent at sentencing may be undermined if only one portion of the overall calculus if altered. Id. (citing Pepper v. United States, 562 U.S. 476, 507 (2011)). Therefore, a court "'may vacate the entire sentence on all counts so that [it] can reconfigure the sentencing plan to assure that it remains adequate to satisfy the sentencing factors' of §3553(a)." id. (quoting Greenlaw v. United States, 554 U.S. 237, 253 (2008)). In these circumstances, "a district court may, on a petition under 28 U.S.C. §2255, resentence on the remaining convictions." United States v. Rodriguez, 112 F.3d 26, 30-31 (1st Cir. 1997) (footnotes omitted).

It is most appropriate to utilize this approach in these cases. Therefore, the court is vacating each petitioner's sentence on all counts and will resentence them de novo.

9

Therefore, it is hereby ORDERED that:

1. Burgess's petition (Dkt. No. 471) and Quirk's petition (Dkt. No. 469) are each ALLOWED. Their sentences are VACATED. Each will be resentenced de novo.

2. The parties shall confer with each other and with Probation and, by February 10, 2023, report, jointly if possible: whether the parties have agreed on the sentence that should be imposed on resentencing for one or both petitioners. In addition, petitioners shall report whether they consent to being resentenced in a hearing conducted by videoconference.[2] In any event, the parties shall file sentencing memoranda by February 17, 2023.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Petitioners may have the right to be present during a de novo resentencing. See United States v. Flack, 941 F.3d 283, 240-41 (6th Cir. 2019) ("Like every other circuit to have reached the issue, therefore, we hold that a resentencing pursuant to §2255 must be conducted during a sentencing hearing."); United States v. Bryant, 643 F.3d 28, 34 (1st Cir. 2011) (defendant's presence required at a resentencing hearing where a plausible argument for post-sentencing rehabilitation could be made).